# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Nicholas J. Jackson, | ) |
| Petitioner, | ) Criminal Action: 8:12-cr-00481-JMC-27 |
| v. | ) **ORDER AND OPINION** |
| United States of America, | ) |
| Respondent. | ) |

This matter is before the court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 1601.) Petitioner seeks relief from his sentence under *United States v. Johnson*, 135 S. Ct. 2551 (2015). (*Id.* at 8.) For the reasons stated below, the court **DENIES** Petitioner's Motion to Vacate under U.S.C. § 2255 (ECF No. 1601).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 13, 2014, Defendant pleaded guilty to conspiring with the intent to distribute 500 grams or more of methamphetamine, a Schedule II controlled substance. (ECF No. 1002.) Petitioner was sentenced to 130 months of incarceration followed by five (5) years of supervised release. (ECF No. 1229.). On March 6, 2017, Petitioner filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 1601.) The Government did not respond to Petitioner's Motion.

## II. LEGAL STANDARD

In order to move for relief under 28 U.S.C. § 2255, Petitioner must plead that he was sentenced "(1) in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that his sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

1

Pursuant to 28 U.S.C. § 2555(f), a petitioner has one year from the time his or her conviction becomes final to file a motion under this section, or one year from "the date on which the right asserted was initially recognized by the United States Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(1),(3).

Because Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*¸ 404 U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence).

### III. ANALYSIS

Petitioner asserts that his conviction and sentence is unconstitutional because Career Offender Sentencing Guideline Enhancement 4B1.2, under which Petitioner was sentenced, "contains identical language [to the language] struck in 18 U.S.C. § 924(e)(2)(B)(ii) [by *Johnson*]." (ECF No. 1601 at 8.) Ultimately, Petitioner is asserting that his sentence under U.S.S.G. § 4B1.2 violates his due process rights and the laws of the United States.

In *Johnson v. United States*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague in violation of the Fifth Amendment to the United States Constitution Due Process Clause. 135 S. Ct. at 2563. The residual clause states that a violent felony includes "[crimes that involve] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). *Johnson* was decided on June 26, 2015, and presented a new right for defendants sentenced to the mandatory minimum sentence of fifteen (15) years when the defendant qualified for the ACCA under the residual clause of the statutory definition of violent felony. In *Welch v. United States*, the Supreme

Court held that *Johnson* had a retroactive effect in cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

Petitioner cannot assert the new right recognized in *Johnson* because Petitioner was not sentenced under the ACCA. Instead, Petitioner was sentenced based upon the Career Offender Sentencing Guidelines. *Johnson* only concerned the residual clause of the ACCA, not the residual clause of the Career Offender Sentencing Guidelines. *See United States v. Brown*, 868 F.3d 297 (4th Cir. 2017) ("*Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here or residual clauses in other versions of the Sentencing Guidelines."). In *Beckles v. United States*, the United States Supreme court held that "[ ] the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, §4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. 886, 897 (2017).

Because Petitioner cannot assert the new right recognized in *Johnson*, Petitioner cannot utilize 28 U.S.C. § 2255(f)(3) and the one-year time period after *Johnson* in order to file his claim.[1] Petitioner must bring his claim under another section of 28 U.S.C. § 2255(f) and the only one that is available is 28 U.S.C. § 2255(f)(1). However, because Petitioner was sentenced in 2014 and Petitioner's Motion (ECF No. 1601) was not filed until 2017, the Motion is outside of the one-year statute of limitations for filing a claim under 28 U.S.C. § 2255(f)(1). Therefore, Petitioner's Motion (ECF No. 1601) is untimely.

---

[1] Even if Petitioner could file a Motion under 28 U.S.C. § 2255(f)(3) as a result of *Johnson*, Petitioner's Motion would be untimely. Petitioner filed his Motion on March 6, 2017, more than a year after *Johnson* was decided, therefore his filing was beyond the one-year statute of limitations set forth in 28 U.S.C. § 2255(f)(3). (ECF No. 1601.)

## IV. CONCLUSION

For the reasons state above, the court **DENIES** Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1601).

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 9, 2018
Columbia, South Carolina

4